Tracy H. Fowler  (1106)
Scott Pratt  (14757)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
Email: tfowler@swlaw.com
        spratt@swlaw.com

*Attorneys for Defendant Teleflex Medical Incorporated*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| TUCKER GREENE,<br><br>            Plaintiff,<br><br>    vs.<br><br>TELEFLEX MEDICAL INCORPORATED; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive.<br><br>            Defendants. | **NOTICE OF REMOVAL**<br><br>Civil No.<br><br>Judge Richard McKelvie<br><br>(Removed from the Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 160907251) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws, Defendant Teleflex Medical Incorporated (hereinafter "Defendant"), hereby gives notice of removal of the above-captioned action, entitled *Tucker Greene v. Teleflex Medical Incorporated, et al.*, Case Number 160907251, from the Third Judicial District Court in and for Salt Lake County, Utah, to the United States District Court for the District of Utah.  Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of Plaintiff's Complaint is attached hereto as Exhibit A.

25428164.1

As grounds for removal, Defendant hereby states the following:

1. Plaintiff Tucker Greene ("Plaintiff") filed his Complaint in the third Judicial District Court of Salt Lake County, State of Utah, on or about November 22, 2016.

2. No Defendant has been served with Plaintiff's Summons and Complaint. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

3. No further pleadings have been filed, and no proceedings have yet occurred in the Salt Lake County action.

4. Removal to this District is proper because the Third Judicial District Court in and for Salt Lake County, Utah, is within the United States District Court for the District of Utah. 28 U.S.C. §§ 1441(a), 1446(a).

5. Defendants base their removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

6. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount-in-controversy exceeds the sum of $75,000, exclusive of interests and costs.

**CITIZENSHIP OF THE PARTIES AND GROUNDS FOR REMOVAL**

7. Plaintiff Tucker Greene is a citizen of the State of Utah. (Ex. A. at ¶ 1.)

8. Defendant is alleged to be a citizen of state other than Utah. (Ex. A at ¶ 2.)

9. Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business in Pennsylvania.

10. Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship for jurisdiction purposes.

11. For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b); *see also Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006). As such, the citizenship of any "Doe Individuals" or "Roe Entities" named in this action is irrelevant for purposes of evaluating jurisdiction.

12. This case is removable under 28 U.S.C § 1441 and § 1332 in that the parties are completely diverse and the amount in controversy exceeds $75,000. The Complaint was filed as a Tier 3 matter under the Utah Rules of Civil Procedure, indicating that the amount of damages being claimed by Plaintiff is $300,000 or more. *See* Utah R. Civ. P. 8(a) and 26(c)(3).

13. Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant shall file the written notice of the filing of this Notice of Removal with the Third Judicial District, in and for Salt Lake County, Utah, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Defendant Teleflex Medical Incorporated hereby gives notice that the above-entitled state court action, formerly pending in Third Judicial District Court in and for Salt Lake County, Utah, be removed to the United States District Court for the District of Utah.

Dated: December 27, 2016

                Respectfully submitted,

                */s/ Tracy H. Fowler*
                Tracy H. Fowler
                tfowler@swlaw.com
                Scott Pratt
                spratt@swlaw.com
                SNELL & WILMER
                15 West South Temple, Suite 1200
                Salt Lake City, Utah 84101
                Telephone: (801) 257-1900
                Facsimile: (801) 257-1800

                *Attorneys for Defendant Teleflex Medical Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrant:

>Norman J. Younker
>norm@yhmlaw.com
>Ashton J. Hyde
>Ashton@yhmlaw.com
>John M. Macfarlane
>John@yhmlaw.com
>Younker Hyde Macfarlane, PLLC
>257 East 200 South, Ste. 1080
>Salt Lake City, Utah 84111
>
>*Attorneys for Plaintiff*

*/s/ Tracy H. Fowler*

# EXHIBIT A

Norman J. Younker (#3682)
norm@yhmlaw.com
Ashton J. Hyde (#13248)
ashton@yhmlaw.com
John M. Macfarlane (#14996)
john@yhmlaw.com
YOUNKER HYDE MACFARLANE, PLLC
Attorneys for Plaintiff
257 East 200 South, Suite 1080
Salt Lake City, UT  84111
Telephone: (801) 335-6467
Facsimile: (801) 335-6478

**IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| TUCKER GREENE,<br><br>              Plaintiff,<br><br>vs.<br><br>TELEFLEX MEDICAL INCORPORATED; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive.<br><br>              Defendants. | **COMPLAINT**<br><br>Case No. _____<br><br>Judge _____<br><br>Tier 3 |

The Plaintiff alleges and complains of the Defendants as follows:

### **IDENTIFICATION OF PARTIES**

1. Plaintiff is a resident of Iron County, State of Utah.

2. Defendant Teleflex Medical Incorporated ("Teleflex"), at all relevant times, was a California corporation registered within the state of Utah and regularly conducts business in Utah.

3. At all relevant times, Defendant Teleflex designed, manufactured, tested, inspected, marketed, and sold "Hem-o-lok clips" throughout the United States, including specifically within the state of Utah.

4. Roe Entities 1 through 10 are business entities that operate in companion with, and/or under the direction of Teleflex in the design, manufacturing, or sale of ligation clips including the Hem-o-lok clip.

5. Defendant Doe Individuals 1 through 10 and Roe Entities 1 through 10 are set forth herein as all unknown persons or business entities currently unknown to Plaintiff who have a claim to any interest in the subject matter of this action, whose true name(s) is (are) unknown to Plaintiff, and who are believed to be responsible for the events and happenings referred to in this Complaint, causing injuries and damages to Plaintiff, or who are otherwise interested in the subject matter of this Complaint.  At such time when the names of said Doe Individuals and Roe Entities have been ascertained, Plaintiff will request leave from the court to insert their true names and capacities and adjoin them in this action so that the Complaint will be amended to include the appropriate names of said Doe Individuals and Roe Entities.

6. The Parties identified in Paragraphs 2-5 may be collectively and individually referred to as "Defendant" and/or "Teleflex."

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over this action pursuant to Utah Code Ann §78B-3-205, et seq.

8. This Court has jurisdiction pursuant to Utah Code Ann §78A-5-102, et seq.

9. Venue is proper in that the cause of action arose in Salt Lake County, State of

Utah, pursuant to Utah Code Ann. §78B-3-307, et seq.

10.     Plaintiff alleges that this is a Tier III case pursuant to Rule 26 of the Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

11.     On or about November 26, 2014, then 26-year-old Tucker Greene presented to Pioneer Valley Hospital and Medical Center, acting by and through its agents and employees, for a varicocelectomy.

12.     The surgery was performed laparoscopically by Justin Parkinson, M.D. ("Dr. Parkinson") who isolated and clipped the gonadal vein using ligation or Hem-o-lok clips (collectively referred to as "Hem-o-lok clips").

13.     Defendants manufactured the ligation clips used in Mr. Greene's surgery.

14.     Dr. Parkinson divided the vein with two Hem-o-lok clips on either side of the area of division.

15.     During the procedure, one Hem-o-lok clip on the distal end of the vein fell off.

16.     The surgery was completed without other apparent complication and Tucker Greene was discharged home.

17.     Following discharge, Tucker Greene returned home and became nauseous and passed out later that same day.

18.     Tucker Greene was transported by ambulance to the emergency department where he underwent and emergency exploratory surgery by Dr. Parkinson.

19.     During the exploratory surgery, Dr. Parkinson noted that there was a significant amount of blood in Tucker Greene's abdomen.  Dr. Parkinson also identified a solitary bleeding

vein in Tucker Greene's abdomen and that the Hem-o-lok clips that had been placed at the time of surgery were no longer present.

20. Tucker Greene remained at Pioneer Valley Hospital for several days and was in multi-organ failure. He was later transferred to the University of Utah Hospital for further lifesaving treatment.

## FIRST CAUSE OF ACTION

### (Strict Product Liability: Teleflex)

21. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 20 as though fully set forth herein.

22. At the time the Hem-o-lok or ligation clips were placed into the stream of commerce they were defective and unreasonably dangerous, without limitations as follows:

   a. Defects in the design of the Hem-o-lok clips;

   b. Defects in the manufacturing of the Hem-o-lok clips;

   c. Absence of proper warnings and/or labels accompanying the Hem-o-lok clips; and,

   d. Other defects may be revealed during the course of discovery.

23. More specifically, the design of the Hem-o-lok clips were defective an unreasonably dangerous because the clips should not fail and come off of the vein or artery.

24. The warnings or instructions accompanying the Hem-o-lok clips were defective and made the Hem-o-lok clips unreasonably dangerous because:

   a. They failed to warn of situations where the clips could malfunction or fail; and,

4

    b.  They failed to properly describe how to reduce the rate of failure or the circumstances for most effective use.

25. Defects in the Hem-o-lok clips were a direct and proximate cause of the damages sustained by the Plaintiff.

26. Defendants are strictly liable for the injuries and damages sustained by the Plaintiff.

## SECOND CAUSE OF ACTION

### (Negligence: Teleflex)

27. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 26 as though fully set forth herein.

28. At all relevant times, Defendants owed the Plaintiff a duty of care which they breached by, among other things, the following:

    a.  Negligently designing the Hem-o-lok clips and its associated equipment;

    b.  Negligently testing the Hem-o-lok clips and its associated equipment;

    c.  Negligently labeling, manufacturing, warning, installing, servicing, selling, and/or certifying the Hem-o-lok clips; and,

    d.  Failing to properly train and supervise the intended users of the Hem-o-lok clips.

29. Defendants' negligence described above was the proximate cause of Plaintiff's injuries and damages.

30. Defendants further breached their duties by failing to exercise a reasonable care of the design, testing, labeling, warning, manufacturing, serving, sales, installation and/or

certification of the Hem-o-lok clips.

## THIRD CAUSE OF ACTION

### (Breach of Express Warranty: Teleflex

31. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. Defendants expressly warranted that the Hem-o-lok clips were free from defects.

33. However, the Hem-o-lok clips contained defects as outlined above.

34. Defendants breached their express warranties, and these breaches were a proximate cause of the injuries and damages sustained by the Plaintiff.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability: Teleflex)

35. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. Defendants were merchants for the type of goods that included the Hem-o-lok clips and implicitly warranted that the Hem-o-lok clips were merchantable.

37. Defendants breached their implied warranty of merchantability, and their breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiff.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness for a Particular Purpose: Teleflex)

38. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 37 as though fully set forth herein.

39. Defendants had reason to know:

      a.      The particular purpose for which the Hem-o-lok clips would be used; and,

      b.      The purchasers of the Hem-o-lok clips were relying on Defendant's skill and judgment to provide a suitable product.

40.    Defendants explicitly warranted that the Hem-o-lok clips were fit for the particular purpose for which it was required.

41.    Defendants breached their implied warranty of fitness for a particular purpose, and their breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be proven at trial together with pre and post judgment interest and costs as follows:

1.    Judgment in favor of Plaintiff and against Defendants for general damages in an amount to be proved at trial;

2.    Judgment in favor of Plaintiff and against Defendants for special damages in an amount to be proved at trial including interest as provided by Utah Code Ann. §78B-5-824; and

3.    For costs of court, prejudgment and post judgment interest, and other such statutory and common law remedies as this court deems just and proper.

DATED this 22nd day of November, 2016.

                              */s/ John M. Macfarlane*
                              Norman J. Younker
                              Ashton J. Hyde
                              John M. Macfarlane
                              YOUNKER HYDE MACFARLANE
                              Attorneys for Plaintiff