IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TUCKER GREENE,<br><br>    Plaintiff,<br><br>v.<br><br>TELEFLEX MEDICAL INCORPORATED; JORDAN VALLEY MEDICAL CENTER, LP dba PIONEER VALLEY HOSPITAL, A CAMPUS OF JORDAN VALLEY MEDICAL CENTER; PHYSICIAN GROUP OF UTAH, INC. dba UROLOGY SPECIALISTS OF UTAH; JUSTIN PARKINSON, M.D. DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive.<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br>Case No.  2:16-cv-1284<br><br>Judge Clark Waddoups |

Background

On November 22, 2016, Plaintiff Tucker Greene (Mr. Greene) filed his Complaint in the third Judicial District Court of Salt Lake County, State of Utah. (ECF no. 2 at 2.) On December 27, 2016, Defendant Teleflex Medical Incorporated filed its Notice of Removal in this court. (ECF No. 2.) Defendants "base[d] their removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446." (ECF No. 2 at 2.) In support, Defendant Teleflex alleged that "Plaintiff Tucker Greene is a citizen of Utah," and that Defendant Teleflex "is a corporation organized and existing under the laws of the State of California with its principal place of business in Pennsylvania." (ECF No. 2 at 2.)

On January 31, 2017, the case was assigned to the undersigned. (ECF No. 10.) On February 3, 2017, the case was referred to Magistrate Judge Pead under 28 U.S.C. § 636(b)(1)(A). (ECF No. 11.)

On February 28, 2017, Plaintiff filed a Motion for Leave to File First Amended Complaint. (ECF No. 15.) "The purpose of the amendment [was] to add Jordan Valley Medical Center LP dba Pioneer Valley Hospital . . . Physician Group of Utah, Inc. dba Urology Specialists of Utah," and "Justin Parkinson, M.D." "as Defendants in [the] case." (ECF No. 15 at 1.) Attached to that Motion was a proposed Amended Complaint. (*See* ECF No. 15-1 at 4.) The proposed Amended Complaint stated that "Plaintiff is a resident of Iron County, State of Utah." (ECF No. 15-1 at 5.) The proposed Amended Complaint also stated that "Defendant Jordan Valley Medical Center" "is a Utah corporation with its principal place of business in Salt Lake County, State of Utah." (ECF No. 15-1 at 5.) It further stated that "Defendant Physician Group of Utah, Inc." "is a Utah corporation with its principal place of business in Salt Lake County, State of Utah." (ECF No. 15-1 at 5.) It further stated that "Defendant Justin Parkinson, M.D. is a physician licensed under the laws of the State of Utah and engaged in the practice of medicine in Salt Lake County, State of Utah." (ECF No. 15-1 at 5.) The proposed Amended Complaint also provided that "[t]his Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332." (ECF No. 15-1 at 6.)

On March 20, 2017, Magistrate Judge Pead entered an order "finding as moot" Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 21.) Magistrate Judge Pead held that "Plaintiff was entitled to file an amended complaint as a matter of right under Rule 15(a). Accordingly, the motion was not necessary." (ECF No. 21.) Plaintiff filed the Amended Complaint on March 20, 2017. (ECF No. 22.) The Amended Complaint, added defendants—all of whom appear to be Utah citizens. (*See* ECF No. 22 at 2.) And the Amended Complaint continued to allege that "[t]his Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332." (ECF No. 22 at 3.)

On June 27, 2017, Defendants Jordan Valley Medical Center . . . and Physician Group of Utah, Inc. . . . ." filed an Answer to the Complaint. (ECF No. 35.) In their Answer, Defendants "admit[ted] that Physician's Group of Utah . . . is a Utah corporation with its principal place of business in Salt Lake County, State of Utah." (ECF No. 35 at 3.)

<u>Analysis</u>

"Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (citation omitted). But "if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *Id.* 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Further, § 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." "Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name." *McPhail*, 529 F.3d at 951.

In its Notice of Removal, Defendant Teleflex alleged that "Plaintiff Tucker Greene "is a citizen of Utah." (ECF No. 2 at 2.) Magistrate Judge Pead allowed Plaintiff to file an Amended Complaint adding non-diverse parties. (ECF No. 21.) In its Amended Complaint, Plaintiff alleged that Physician's Group of Utah is a Utah corporation with its principal place of business in . . . Utah." (ECF No. 22 at 2.) In their Answer, Defendants "admit[ted] that Physician's Group of Utah . . . is a Utah corporation with its principal place of business in Salt Lake County, State of Utah." (ECF No. 35 at 3.) Thus, a "non-diverse party [was] added to the complaint . . . prior to final judgment." *McPhail*, 529 F.3d at 951. "[T]he case must [therefore] be remanded to state court." *Id*;

*see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded.") (emphasis added)).

Conclusion

The court REMANDS the matter to the state court. Because of this result, the pending Motions for Summary Judgment, (ECF Nos. 50 and 51) are MOOT.

SO ORDERED this 11th day of January, 2019.

BY THE COURT:

_____

Clark Waddoups
United States District Court Judge